# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL KNOX, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-1434 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| PPG INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On July 10, 2017, Defendant filed a motion to preclude the testimony of Julie A. Moore, a purported expert in workplace investigations. (Doc. 61). On August 9, 2017, Plaintiff filed a brief in opposition to this motion. (Doc. 67). Plaintiff asserts that Moore would testify that PPG's investigation into the July 23, 2013 email, and Plaintiff's resulting termination, failed to follow human resources best practices, industry standards and internal polices and that PPG treated similarly-situated males more favorably in the investigation. Id. at p. 20. Plaintiff argues that this testimony is relevant to establish that Defendant's asserted reason for firing Plaintiff – sending the July 23, 2013 email – was a pretext for discrimination. Id. at p. 9-10.

Under the Federal Rules of Evidence, an expert witness may be permitted to testify, if "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue . . . ." Fed. R. Evid. 702. Moore's proposed testimony about the thoroughness of Defendant's workplace investigation does not assist the trier of fact in resolving the issue in this case, which is whether Defendant discriminated against the Plaintiff on the basis of sex in violation of Title VII of the Civil Rights Act and the Pennsylvania Human

Relations Act ("PHRA").[1] In particular, Plaintiff has failed to convince the Court that a presentation of the inadequacy of the investigation requires the assistance of a human resources expert. While Plaintiff may present evidence of whether Defendant departed from its internal policies, or its normal mode of operation, when investigating and terminating Plaintiff, these matters are not so complicated as to go beyond a jury's independent comprehension. The juror's common knowledge and qualifications prepare them to make a determination here as to whether Defendant conducted a flawed investigation and whether such flaws support an inference of discrimination. See, e.g., Wilson v. Muckala, 303 F.3d 1207, 1218-19 (10th Cir. 2009) (affirming trial court's exclusion of testimony from a human resources expert because the issues "were not so impenetrable as to require expert testimony"); Connearney v. Main Line Hosps., Inc., No. CV 15-02730, 2016 WL 6569292, at *3 (E.D. Pa. Nov. 4, 2016) (excluding expert testimony about a purported improper workplace investigation because "the jury can hear testimony, review evidence and conclude whether the investigation was pretextual without the help of an expert"); Bomboy v. Penn State Geisinger Health Sys. Found., No. CIV. 4:00-CV-0500, 2002 WL 34365254, at *3 (M.D. Pa. Sept. 3, 2002) (excluding testimony by human resources expert as unnecessary).

      The Court also shares Defendant's concern that Moore's testimony would suggest a higher standard than what the law requires. There is no requirement that Defendant follow best practices or industry standards when conducting investigations into employee misconduct.

---

[1] Moore's testimony is also not relevant to the issues in this case. A human resources expert's opinion about whether PPG was competent in its investigation does not evidence discrimination, and PPG was under no legal obligation provide a thorough or reasonable investigation. Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994) ("To discredit the employer's proffered reason, however, the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent.").

Offering expert testimony for the purposes of comparing Defendant's conduct to recommended practices risks confusing the jury as to what legal standards apply. Id. at *4 ("[t]estimony on human resources or management 'best practices' might also confuse the jury as to the proper legal standard at issue in the case, while adding little that the jurors could not already discern for themselves").

Consistent with the analysis above, Defendant's Motion to Preclude Plaintiff's Proposed Expert Testimony (Doc. 61) is **GRANTED** and the expert testimony of Julie A. Moore is **PRECLUDED**.


March 15, 2018                                s\Cathy Bissoon
                                              Cathy Bissoon
                                              United States District Judge

cc (via ECF email notification):

All Counsel of Record