IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL KNOX, | ) |
| Plaintiff, | ) Case No. 2:15-cv-01434-BRW |
| v. | ) Judge Bill R. Wilson |
| PPG INDUSTRIES, INC., | ) |
| Defendant. | ) |

BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
FOR PREJUDGMENT INTEREST

Plaintiff Carol Knox, by and through her undersigned counsel, requests that this Honorable Court apply prejudgment interest to her back pay award for the time period from July 29, 2013 through the date of judgment. Following a three-day jury trial in this gender discrimination matter, the jury returned a verdict in favor of Knox in the amount of $2,972,080, representing $993,495 in front pay, $478,585 in back pay, and $1,500,000 in emotional distress. (*See* Verdict Form, ECF No. 179.) As a result of Defendant's discriminatory conduct, Knox has been denied the use of her back pay wages for over five years. An award of prejudgment interest is essential to make her whole.

I.   ARGUMENT

The Court should award prejudgment interest on Knox's back pay award in order to ensure that she is made whole for Defendant's discriminatory conduct. *See West Virginia v. United States*, 479 U.S. 305, 311 n.2 (1987) ("Prejudgment interest serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress."). The purpose of an award of prejudgment interest is "to reimburse the claimant for the loss of the use of [her] funds from the time of the loss until judgment is entered." *Starceski v. Westinghouse*

5343276

*Elec. Corp.*, 54 F.3d 1089, 1102-03 (3d Cir. 1995). There is a strong presumption in favor of awarding prejudgment interest, except where the award would result in unusual inequities. *Booker v. Taylor Milk Co., Inc.*, 64 F.3d 860, 868 (3d Cir. 1995).

### A. Determination of interest rate.

Knox requests that the Court exercise its discretion and award prejudgment interest at the Pennsylvania statutory rate of six percent per annum. The Court has the equitable discretion to "decide whether payment of interest should be ordered, and to decide upon both the interest rate and the period of time on which the interest will be calculated." *Napold v. Parvatishver, LLC*, No. 17-584, 2018 U.S. Dist. LEXIS 43234, at *4 (W.D. Pa. Mar. 16, 2018) (quoting *SEC v. Teo*, 746 F.3d 90, 109 (3d Cir. 2014). The Third Circuit has recognized that back pay awards resulting from discrimination do not merely represent lost investment opportunities; they are meant to replace "a periodic salary needed for daily existence." *See Gelof v. Papineau*, 829 F.2d 452, 456 (3d Cir. 1987). Because of that key distinction, the Third Circuit approved of the district court's use of the prejudgment interest rate under the applicable state law, which resulted in a rate of 17%. *See id.* Knox is not asking for 17% in this case; she is only asking for the six percent authorized under Pennsylvania law. *See* 41 P.S. § 202. This is more than reasonable given the fact that Knox has been deprived of her full salary during the past five years, and the Court has the authority to make Knox whole in this regard.

In the alternative, courts in this district have also employed the use of the IRS overpayment rate pursuant to 26 U.S.C. § 6621 to calculate prejudgment interest on back pay awards in Title VII cases. *See Napold*, 2018 U.S. Dist. LEXIS 44234 at *4; *EEOC v. Scott Med. Health Ctr, P.C.*, No. 16-225, 2017 WL 5493975, 2017 U.S. Dist. LEXIS 189577, at *9 (W.D. Pa. Nov. 16, 2017) (citing *Taxman v. Board of Educ.*, 91 F.3d 1547, 1566 (3d Cir. 1996)). This rate is equal to three percent from the date of Knox's firing until April 1, 2016, and four percent

2

thereafter. *See* Rev. Rul. 2017-25, 2017-52 I.R.B 593. In the event that the Court chooses not to use the Pennsylvania statutory rate, Knox believes that the IRS overpayment rate should be used to calculate her prejudgment interest.

**B.      Calculating prejudgment interest.**

The jury awarded Knox back pay in the amount of $478,585. (*See* Verdict Form, ECF No. 179.) This equals monthly amounts of $7,719.11 for the 62 months between the date of Knox's firing and the beginning of trial. Assuming that Knox would be paid on the first of every month, her first missed salary payment would be on September 1, 2013, and interest would begin to accrue the following month on October 1, 2013. At the beginning of each successive month, another $7.719.11 would become due and start accruing interest. The amounts owed using both the Pennsylvania statutory interest rate and the IRS overpayment interest rate are as follows:

| Date of pay | Amount owed | Pennsylvania Statutory Interest Rate | | IRS Overpayment Interest Rate | |
|---|---|---|---|---|---|
| | | Monthly[1] Interest Rate | Interest | Monthly Interest Rate | Interest |
| 9/1/2013 | $7,719.11 | 0.01 | $0.00 | 0.0025 | $0.00 |
| 10/1/2013 | $15,438.23 | 0.01 | $38.60 | 0.0025 | $19.30 |
| 11/1/2013 | $23,157.34 | 0.01 | $77.19 | 0.0025 | $38.60 |
| 12/1/2013 | $30,876.45 | 0.01 | $115.79 | 0.0025 | $57.89 |
| 1/1/2014 | $38,595.56 | 0.01 | $154.38 | 0.0025 | $77.19 |
| 2/1/2014 | $46,314.68 | 0.01 | $192.98 | 0.0025 | $96.49 |
| 3/1/2014 | $54,033.79 | 0.01 | $231.57 | 0.0025 | $115.79 |
| 4/1/2014 | $61,752.90 | 0.01 | $270.17 | 0.0025 | $135.08 |
| 5/1/2014 | $69,472.02 | 0.01 | $308.76 | 0.0025 | $154.38 |
| 6/1/2014 | $77,191.13 | 0.01 | $347.36 | 0.0025 | $173.68 |
| 7/1/2014 | $84,910.24 | 0.01 | $385.96 | 0.0025 | $192.98 |
| 8/1/2014 | $92,629.35 | 0.01 | $424.55 | 0.0025 | $212.28 |
| 9/1/2014 | $100,348.47 | 0.01 | $463.15 | 0.0025 | $231.57 |
| 10/1/2014 | $108,067.58 | 0.01 | $501.74 | 0.0025 | $250.87 |
| 11/1/2014 | $115,786.69 | 0.01 | $540.34 | 0.0025 | $270.17 |

---

[1] The monthly interest rate is the annual interest rate divided by 12.

| | | | | | |
|---|---|---|---|---|---|
| 12/1/2014 | $123,505.81 | 0.01 | $578.93 | 0.0025 | $289.47 |
| 1/1/2015 | $131,224.92 | 0.01 | $617.53 | 0.0025 | $308.76 |
| 2/1/2015 | $138,944.03 | 0.01 | $656.12 | 0.0025 | $328.06 |
| 3/1/2015 | $146,663.15 | 0.01 | $694.72 | 0.0025 | $347.36 |
| 4/1/2015 | $154,382.26 | 0.01 | $733.32 | 0.0025 | $366.66 |
| 5/1/2015 | $162,101.37 | 0.01 | $771.91 | 0.0025 | $385.96 |
| 6/1/2015 | $169,820.48 | 0.01 | $810.51 | 0.0025 | $405.25 |
| 7/1/2015 | $177,539.60 | 0.01 | $849.10 | 0.0025 | $424.55 |
| 8/1/2015 | $185,258.71 | 0.01 | $887.70 | 0.0025 | $443.85 |
| 9/1/2015 | $192,977.82 | 0.01 | $926.29 | 0.0025 | $463.15 |
| 10/1/2015 | $200,696.94 | 0.01 | $964.89 | 0.0025 | $482.44 |
| 11/1/2015 | $208,416.05 | 0.01 | $1,003.48 | 0.0025 | $501.74 |
| 12/1/2015 | $216,135.16 | 0.01 | $1,042.08 | 0.0025 | $521.04 |
| 1/1/2016 | $223,854.27 | 0.01 | $1,080.68 | 0.0025 | $540.34 |
| 2/1/2016 | $231,573.39 | 0.01 | $1,119.27 | 0.0025 | $559.64 |
| 3/1/2016 | $239,292.50 | 0.01 | $1,157.87 | 0.0025 | $578.93 |
| 4/1/2016 | $247,011.61 | 0.01 | $1,196.46 | 0.003333333 | $797.64 |
| 5/1/2016 | $254,730.73 | 0.01 | $1,235.06 | 0.003333333 | $823.37 |
| 6/1/2016 | $262,449.84 | 0.01 | $1,273.65 | 0.003333333 | $849.10 |
| 7/1/2016 | $270,168.95 | 0.01 | $1,312.25 | 0.003333333 | $874.83 |
| 8/1/2016 | $277,888.06 | 0.01 | $1,350.84 | 0.003333333 | $900.56 |
| 9/1/2016 | $285,607.18 | 0.01 | $1,389.44 | 0.003333333 | $926.29 |
| 10/1/2016 | $293,326.29 | 0.01 | $1,428.04 | 0.003333333 | $952.02 |
| 11/1/2016 | $301,045.40 | 0.01 | $1,466.63 | 0.003333333 | $977.75 |
| 12/1/2016 | $308,764.52 | 0.01 | $1,505.23 | 0.003333333 | $1,003.48 |
| 1/1/2017 | $316,483.63 | 0.01 | $1,543.82 | 0.003333333 | $1,029.22 |
| 2/1/2017 | $324,202.74 | 0.01 | $1,582.42 | 0.003333333 | $1,054.95 |
| 3/1/2017 | $331,921.85 | 0.01 | $1,621.01 | 0.003333333 | $1,080.68 |
| 4/1/2017 | $339,640.97 | 0.01 | $1,659.61 | 0.003333333 | $1,106.41 |
| 5/1/2017 | $347,360.08 | 0.01 | $1,698.20 | 0.003333333 | $1,132.14 |
| 6/1/2017 | $355,079.19 | 0.01 | $1,736.80 | 0.003333333 | $1,157.87 |
| 7/1/2017 | $362,798.31 | 0.01 | $1,775.40 | 0.003333333 | $1,183.60 |
| 8/1/2017 | $370,517.42 | 0.01 | $1,813.99 | 0.003333333 | $1,209.33 |
| 9/1/2017 | $378,236.53 | 0.01 | $1,852.59 | 0.003333333 | $1,235.06 |
| 10/1/2017 | $385,955.65 | 0.01 | $1,891.18 | 0.003333333 | $1,260.79 |
| 11/1/2017 | $393,674.76 | 0.01 | $1,929.78 | 0.003333333 | $1,286.52 |
| 12/1/2017 | $401,393.87 | 0.01 | $1,968.37 | 0.003333333 | $1,312.25 |
| 1/1/2018 | $409,112.98 | 0.01 | $2,006.97 | 0.003333333 | $1,337.98 |
| 2/1/2018 | $416,832.10 | 0.01 | $2,045.56 | 0.003333333 | $1,363.71 |
| 3/1/2018 | $424,551.21 | 0.01 | $2,084.16 | 0.003333333 | $1,389.44 |
| 4/1/2018 | $432,270.32 | 0.01 | $2,122.76 | 0.003333333 | $1,415.17 |

| | | | | | |
|---|---|---|---|---|---|
| 5/1/2018 | $439,989.44 | 0.01 | $2,161.35 | 0.003333333 | $1,440.90 |
| 6/1/2018 | $447,708.55 | 0.01 | $2,199.95 | 0.003333333 | $1,466.63 |
| 7/1/2018 | $455,427.66 | 0.01 | $2,238.54 | 0.003333333 | $1,492.36 |
| 8/1/2018 | $463,146.77 | 0.01 | $2,277.14 | 0.003333333 | $1,518.09 |
| 9/1/2018 | $470,865.89 | 0.01 | $2,315.73 | 0.003333333 | $1,543.82 |
| 10/1/2018 | $478,585.00 | 0.01 | $2,354.33 | 0.003333333 | $1,569.55 |
| | | **Total Interest** | **$72,984.21** | | **$45,664.99** |

Under these calculations, from the date of firing through October 1, 2018, Knox would be owed $72,984.21 in prejudgment interest using the Pennsylvania statutory rate, and $45,664.99 using the IRS overpayment rate. From October 1, 2018 through the date of judgment, Knox would be owed an additional $2,392.93 per month under the Pennsylvania statutory rate ($478,585 x .06 / 12) and an additional $1,595.28 under the IRS overpayment rate ($478,585 x .04 / 12).

## II.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Honorable Court to grant her motion and award prejudgment interest on her back pay from the date of her unlawful firing through the date of judgment.

Respectfully submitted,

Dated: October 10, 2018         *s/ Jeffrey B. Cadle*
                                Bruce C. Fox, Esquire (Pa. ID No. 42576)
                                bruce.fox@obermayer.com
                                Jeffrey B. Cadle, Esquire (Pa. ID No. 200045)
                                jeffrey.cadle@obermayer.com
                                Qiwei Chen, Esquire (Pa. ID No. 322789)
                                qiwei.chen@obermayer.com
                                OBERMAYER REBMANN
                                MAXWELL & HIPPEL LLP
                                500 Grant Street, Ste. 5240
                                Pittsburgh, PA 15219
                                412-566-1500 (p)
                                412-566-1508 (f)

5343276

Brian D. Walters, Esquire (Pa. ID No. 79803)
 bdw@deltalawgrp.com
Delta Law GRP, LLC
301 Grant Street, Suite 4300
Pittsburgh, PA 15219
412-349-0940 (p)
412-945-5119 (f)

*Counsel for Plaintiff*