IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL KNOX, | ) |
| Plaintiff, | ) Case No. 2:15-cv-01434-BRW |
| v. | ) Judge Bill R. Wilson |
| PPG INDUSTRIES, INC., | ) |
| Defendant. | ) |

**BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO STAY**

Carol Knox's motion is not premature because there is no question that she is entitled to a judgment in this action. Knox brought this action because her former employer, PPG Industries, Inc., fired her due to her sex in violation of Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act. Following a three-day trial, the jury returned a verdict in favor of Knox in the amount of $2,972,080, representing $478,585 in back pay, $993,495 in front pay, and $1,500,000 in emotional distress. (*See* Verdict Form, ECF No. 179.) Even if the Court were to fully grant PPG's motion to reduce Knox's back pay and front pay (which Knox believes is highly unlikely), then by PPG's own admission, Knox would be entitled to an award of $103,614.03 in back pay. (*See* ECF No. 186, at 4.) Therefore, under the worst case scenario, Knox would still be entitled **at least** to a judgment in the amount of $1,603,614.03. This alone would be a highly successful result entitling Knox to a full award of attorney's fees. Although a judgment has not technically been entered in this case, there can be no doubt that Knox was the prevailing party at trial, and she has proven her right to a substantial judgment in the near future, which should entitle her to a decision on her motion for attorney's fees. *Cf. Shalala v. Schaefer*, 509 U.S. 292, 303 (1993) (allowing an application for attorney's fees under the Equal Access to Justice Act even though the judgment did not meet technical requirements of then-existing

version of Rule 58).

PPG has not demonstrated sufficient grounds to stay Knox's motion. In fact, PPG's sole basis for requesting a stay is the text of Federal Rule of Civil Procedure 54(d)(2)(ii), which states that a motion for attorney's fees must specify the judgment entitling the movant to relief. (*See* Motion to Stay, ECF No. 195, ¶7.) However, pre-judgment fee claims are permissible under Rule 54 and were even contemplated by the Advisory Committee for the 1993 Amendment to Rule 54. *See* 10 Moore's Federal Practice – Civil § 54.151[1]. Therefore, there is no prohibition to the Court considering Knox's motion at this time.

Finally, there are practical reasons why Knox's motion should be considered now. As the Advisory Committee for the 1993 Amendment of Rule 54 noted: "Prompt filing affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind." The jury rendered its verdict over five months ago on October 4, 2016. The Court should consider Knox's motion while the events of the trial and the necessity of the legal services rendered on Knox's behalf are still fresh in the Court's mind. Accordingly, the Court should deny PPG's motion to stay.

Respectfully submitted,

Dated: March 18, 2019

*s/ Jeffrey B. Cadle*
Bruce C. Fox, Esquire (Pa. ID No. 42576)
bruce.fox@obermayer.com
Jeffrey B. Cadle, Esquire (Pa. ID No. 200045)
jeffrey.cadle@obermayer.com
Qiwei Chen, Esquire (Pa. ID No. 322789)
qiwei.chen@obermayer.com
OBERMAYER REBMANN
MAXWELL & HIPPEL LLP
500 Grant Street, Ste. 5240
Pittsburgh, PA 15219

        412-566-1500 (p)
        412-281-1530 (f)

        Brian D. Walters, Esquire (Pa. ID No. 79803)
        bdw@deltalawgrp.com
        Delta Law GRP, LLC
        301 Grant Street, Suite 4300
        Pittsburgh, PA 15219
        412-349-0940 (p)
        412-945-5119 (f)

        *Counsel for Plaintiff*