IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

CAROL KNOX                                                                                            PLAINTIFF

VS.                                           2:15-CV-01434-BRW

PPG INDUSTRIES, INC.                                                                          DEFENDANT

**ORDER**

It may be, under the 3rd Circuit case, that Defendant will not be entitled to attorneys' fees and costs, assuming the jury awards some damages to Plaintiff, which would seem to defeat any argument that her claim was frivolous.

On the other hand, I do not see that Defendant's offer of judgment is harassment.

It seems to me that Plaintiff should concentrate on whether Defendant's offer is reasonable. If Plaintiff recovers less than the offer, then Plaintiff is obviously subject to having fees or cost denied or cut. I emphasize that I am saying "subject to"; that is, it is something I will consider. I am not deciding that issue until it comes to pass, if it does.

IT IS SO ORDERED this 11th day of August, 2019.

                                                 Billy Roy Wilson
                                               UNITED STATES DISTRICT JUDGE



**Bruce C. Fox**
Direct Dial: (412) 288-2462
bruce.fox@obermayer.com
www.obermayer.com

**Obermayer Rebmann Maxwell & Hippel LLP**
BNY Mellon Center
500 Grant Street | Suite 5240
Pittsburgh, PA 15219-2502
P: 412.566.1500
F: 412.281.1530

August 9, 2019

VIA E-MAIL: matt_morgan@ared.uscourts.gov

Hon. Bill R. Wilson
Richard Sheppard Arnold Courthouse
600 West Capitol Ave, Rm. A403
Little Rock, AR 72201

      RE:    Knox v. PPG Industries, Inc.
                 Case No. 2:15-cv-1434 (W.D. Pa.)

Dear Judge Wilson:

In advance of the trial next week, I believe the Court should be aware of a serious litigation abuse committed by PPG Industries, Inc. in this case. On June 24, 2019, PPG served Plaintiff's counsel with a Rule 68 Offer of Judgment (see attached). As part of this offer of judgment, PPG threatened Ms. Knox as follows:

> If Plaintiff fails to obtain a more favorable judgment against Defendant, please take notice that pursuant to Rule 68(d), Defendant will ask the Court to deny Plaintiff any post-offer costs, including attorneys' fees, and for an award of Defendant's post-offer costs, **including but not limited to, its attorneys' fees**, a sum to cover costs of the services of experts in preparation for trial, costs incurred during trial, and such other costs and fees as the Court deems proper, in addition to any other rights and remedies available under the law.

(Redacted Offer of Judgment at 2, emphasis added.)

This threat to assess an award of PPG's attorneys' fees against Ms. Knox constitutes a gross misstatement of the law, because the Third Circuit has specifically held that "a defendant in a Title VII civil rights suit can never recover its attorneys' fees under Rule 68," in a blatant effort to intimidate Ms. Knox. *Tai Van Le v. Univ. of Pa.*, 321 F.3d 403, 411 (3d Cir. 2003). Predictably, this improper threat has caused my client severe distress when faced with the prospect of being forced to pay PPG's legal fees even if she were successful at the upcoming trial. Defendant's intimidation tactics are unconscionable, and the Court should exercise its inherent power to sanction this inexcusable action. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43

(1991)(The Court's inherent power to issue sanctions "extends to a full range of litigation abuses.")

We look forward to discussing this matter with the Court in further detail during the pretrial conference on Monday.

Regards,

Bruce C. Fox

Attachment

cc: Theodore A. Schroeder (via email)
Allison R. Brown (via email)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CAROL KNOX, )
)
    Plaintiff, ) Civil Action No. 2:15-CV-01434-BRW
)
v. ) Judge Billy Roy Wilson
)
PPG INDUSTRIES, INC., )
)
    Defendant. )
)

## OFFER OF JUDGMENT

Defendant PPG Industries, Inc. ("Defendant" or "PPG"), by and through its undersigned counsel and pursuant to Rule 68 of the Federal Rules of Civil Procedure, hereby offers to allow judgment to be taken in favor of Plaintiff Carol Knox ("Plaintiff" of "Knox") and against PPG, in the amount of $ ▬▬▬▬▬▬ apportioned as follows:



This amount (▬▬▬▬▬▬) represents the total amount PPG shall be obligated to pay on account of any liability claimed herein, including all costs and reasonable attorneys' fees that may be recoverable in this action.

This Offer of Judgment is made for the purposes specified in Rule 68 and is not to be construed as an admission that Defendant is liable in this action or that Plaintiff has suffered any damages. If Plaintiff fails to obtain a more favorable judgment against Defendant, please take notice that pursuant to Rule 68(d), Defendant will ask the Court to deny Plaintiff any post-offer costs, including attorneys' fees, and for an award of Defendant's post-offer costs, including but not limited to, its attorneys' fees, a sum to cover costs of the services of experts in preparation for trial, costs incurred during trial, and such other costs and fees as the Court deems proper, in addition to any other rights and remedies available under the law.

This Offer of Judgment will be deemed withdrawn if it is not accepted, in writing, within fourteen (14) days of receipt by Plaintiff. Evidence of this Offer of Judgment is not admissible except in a proceeding to determine costs and/or fees.

Respectfully submitted,

*/s/ Theodore A. Schroeder*
Theodore A. Schroeder (PA ID NO. 80559)
tschroeder@littler.com
Allison R. Brown (PA ID NO. 309669)
arbrown@littler.com
**LITTLER MENDELSON, P.C.**
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
Telephone: (412) 201-7624/7678
*Facsimile*: (412) 774-1959

*Counsel for Defendant*
*PPG Industries, Inc.*

Dated: June 24, 2019

# CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of June, 2019, a copy of the foregoing **Offer of Judgment** was served via United States First Class Mail, postage prepaid, and electronic mail, upon the following counsel of record:

>   Brian D. Walters, Esq.
>   bdw@deltalawgrp.com
>   Delta Law GRP, LLC
>   301 Grant Street, Suite 4300
>   Pittsburgh, PA 15219
>
>   Bruce C. Fox, Esq.
>   bruce.fox@obermayer.com
>   Jeffrey B. Cadle, Esq.
>   jeffrey.cadle@obermayer.com
>   Qiwei Chen, Esq.
>   Qiwei.chen@obermayer.com
>   Obermayer Rebmann Maxwell & Hippel LLP
>   500 Grant Street, Suite 5240
>   Pittsburgh, PA 15219

*/s/ Theodore A. Schroeder*
Theodore A. Schroeder



**Re: Knox v. PPG-Letter to Judge Wilson**
Fox, Bruce  to: matt_morgan@ared.uscourts.gov       08/10/2019 03:11 PM
Cc: 'Brian Walters', "Chen, Qiwei", "Brown, Allison R. (ARbrown@littler.com)", "'Schroeder, Ted'"

From: "Fox, Bruce" <bruce.fox@obermayer.com>
To: "matt_morgan@ared.uscourts.gov" <matt_morgan@ared.uscourts.gov>
Cc: 'Brian Walters' <bdw@deltalawgrp.com>, "Chen, Qiwei" <qiwei.chen@obermayer.com>, "Brown, Allison R. (ARbrown@littler.com)" <ARbrown@littler.com>, "'Schroeder, Ted'" <TSchroeder@littler.com>

Judge Wilson--

Respectfully, in my letter I cited binding Third Circuit authority demonstrating Defendant has no legal basis to misuse Rule 68 to intimidate Ms. Knox in advance of trial with a threat of imposing Defendant's legal fees on her if she does not accede to their offer. And, I am aware of no contrary authority in this Circuit suggesting otherwise. I therefore request that Plaintiff be permitted to brief the issue.

Thank you,
Bruce C. Fox

Sent via the Samsung Galaxy Note8, an AT&T 5G Evolution capable smartphone

-------- Original message --------
From: matt_morgan@ared.uscourts.gov
Date: 8/10/19 12:10 PM (GMT-05:00)
To: "Fox, Bruce" <bruce.fox@obermayer.com>
Cc: "'matt_morgan@ared.uscourts.gov'" <matt_morgan@ared.uscourts.gov>, 'Brian Walters' <bdw@deltalawgrp.com>, "Chen, Qiwei" <qiwei.chen@obermayer.com>, "Brown, Allison R. (ARbrown@littler.com)" <ARbrown@littler.com>, "'Schroeder, Ted'" <TSchroeder@littler.com>
Subject: Re: Knox v. PPG-Letter to Judge Wilson

Dear Counsel:

As far as I know, Defendant is within its right to take this step.

Also, far in advance of Monday's hearing, you all should work out, to the extent possible, any objections to designations submitted yesterday.

Cordially,

B.R. Wilson


-----"Fox, Bruce" <bruce.fox@obermayer.com> wrote: -----

========================
To: "'matt_morgan@ared.uscourts.gov'" <matt_morgan@ared.uscourts.gov>
From: "Fox, Bruce" <bruce.fox@obermayer.com>
Date: 08/10/2019 09:16AM
Cc: 'Brian Walters' <bdw@deltalawgrp.com>, "Chen, Qiwei" <qiwei.chen@obermayer.com>, "Brown, Allison R.

(ARbrown@littler.com)" <ARbrown@littler.com>, "'Schroeder, Ted'" <TSchroeder@littler.com>
Subject: Knox v. PPG-Letter to Judge Wilson
========================

Mr. Morgan,

Please see the attached correspondence.

[cid:image001.jpg@01D48CB1.049AC960]
[cid:image002.jpg@01D48CB1.049AC960]<https://twitter.com/ObermayerLaw>    [
cid:image003.jpg@01D48CB1.049AC960] <https://www.linkedin.com/company/obermayer?trk=tyah>    [
cid:image004.jpg@01D48CB1.049AC960] <https://www.facebook.com/ObermayerLawFirm/?ref=hl>

Bruce C. Fox

Obermayer Rebmann Maxwell & Hippel LLP
BNY Mellon Center
500 Grant Street | Suite 5240
Pittsburgh, PA 15219-2502
412.288.2462 tel | 412.281.1530 fax
bruce.fox@obermayer.com<mailto:bruce.fox@obermayer.com> |
https://protect-us.mimecast.com/s/p7MWCVO0MBtlpVRrTJ3i6r<https://protect-us.mimecast.com/s/jR84CW6jNDtjn1W7Hmx5k3>


[attachment(s) 2019-08-09 Ltr. to Judge Wilson (Knox v. PPG) 2 4827-9721-6927.pdf,Redacted PPG_s Offer of Judgment (Knox v. PPG).PDF removed by Matt Morgan/ARED/08/USCOURTS]